**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**LISA MURPHY,**                                                                                              **PLAINTIFF**
**ADC #760343**

**V.**                           **CASE NO. 3:20-CV-332-DPM-BD**

**PAYNE,** *et al.*                                                                                            **DEFENDANT**

## INITIAL ORDER FOR PRO SE PRISONER-PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the prison library.

Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1. You must promptly notify the Clerk and the other parties in the case of any change in address. You must inform the Court if you are transferred from one unit to another. Notifying the Court of your change in address is especially important if you are released from custody while your lawsuit is pending. If you do not keep the Court informed as to your current address, your lawsuit can be dismissed.
2. You must monitor the progress of your case and prosecute the case diligently.
3. You must sign all pleadings and other papers filed with the Court, and each paper you file must include your current address.
4. If any communication from the Court to a *pro se* plaintiff is not responded to within 30 days, the case may be dismissed, without prejudice.

**Second: Pay the Filing Fee.** Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee at the beginning of the lawsuit or, if eligible, to apply to proceed *in forma pauperis* (IFP). Because of your litigation history, you cannot proceed IFP in federal court absent an allegation that you are in imminent danger of serious physical injury.[1]  28 U.S.C. § 1915(g).

Your allegations regarding potential COVID-19 exposure, even with your alleged serious health problems,[2] are insufficient to establish imminent danger of serious physical injury. See *Nichols v. Jackson*, No. 2:20-CV-177-BSM-JTR, 2020 WL 5997623, at *2 (E.D. Ark. Sept. 17, 2020) (collecting cases), report and recommendation adopted, 2020 WL 5947629 (E.D. Ark. Oct. 7, 2020).

**If you wish to proceed with this action, you must pay the $400.00 filing fee within 30 days. Failure to pay the fee will result in dismissal of this case.**

**Third: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.   If your case proceeds to a trial, however, a lawyer may be appointed to assist you before trial.

**Fourth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). No discovery should be sent to a defendant until after that defendant has been served with the complaint.

---

[1] The following dismissals constitute "strikes" against Ms. Murphy for purposes of determining eligibility for IFP status: *Murphy v. Fisk*, 1:15-CV-50-BSM (E.D. Ark. July 24, 2015) (dismissing for failure to state a claim); *Murphy v. Robinson*, 1:15-CV-47-JM (E.D. Ark. June 24, 2015) (dismissing as frivolous); *Murphy v. Culclager*, 1:15-CV-27-BSM (E.D. Ark. June 5, 2015) (dismissing for failure to state a claim); *Murphy v. Kelly*, 1:15-CV-44-JM (E.D. Ark. Apr. 27, 2015) (same); *Murphy v. Faust*, 1:14-CV-127-JM (E.D. Ark. Nov. 18, 2014) (same); *Murphy v. Hot Springs County*, 6:11-CV-6049 (W.D. Ark. Nov. 7, 2011) (same).

[2] Ms. Murphy's complaint references Defendants' alleged failure to provide adequate medical care for a nodule on her left lung (Doc. No. 2 at pp. 15-20). Ms. Murphy has already asserted this claim in pending lawsuit. See *Murphy v. Long*, 3:20-CV-148-KGB-PSH (E.D. Ark. May 28, 2020).

**Fifth**: **Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the Court orders you to send documents or other evidence.

**Sixth: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

IT IS SO ORDERED, this 23rd day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE